Judge Underwood
delivered the Opinion of the Court.
We think, the negro, Jenny, under the will of James Simrall, passed immediately to Alexander Simrall, the plaintiff’s intestate. Whether.he had a right, under the laws of Virginia, where the will was admitted to record, where James Simrall died, and where the property was then situated, to take possession of the slave without the assent of the executors, need not be decided.
Mrs. Simrall, the executrix and widow of the testator, according to the testimony, claimed Jenny for life. The devisee, Alexander Simrall, died in 1802. The will *575 was admitted to record in September, 1798. Mrs. Sim-rall moved to Kentucky, bringing the slave Jenny with her, in 1805. Mrs. Simrall died in 1814. Administration was granted, in 1830, to the plaintiff in error, by the county court of Frederick county, Virginia.
Tenant for life, or one who, by mistake, is permitted to hold as such, does not hold adverse ly to the remainder man, or supposed remainder man, and the statute of limitations does not run against him.
A devisee of a slave,having acquiesced in the claim and possession ofa supposed tenant for life, who survived him — the limitation did not commence running in bar of the right derived from the devisee,until after tlie death of the tenant for life ; nor then, till administration was granted of the estate of the devisee.
It Is a matter of doubt, whether Alexander Simrall was entitled to the slave Jenny immediately upon the death of the testator, or whether he liad, under the will, any thing more than a remainder, and Mrs. Simrall a life estate. We have come to the conclusion, however, that the correct interpretation of the will gives the slave immediately to Alexander Simrall. It seems, that he acquiesced in a different interpretation, and permitted the widow to retain the possession. By her holdingastenant for life, and removing the slave to Kentucky, we think it may be fairly inferred, that the executors assented that the legacy might vest in the legatee, but were'mistaken as to the widow’s having a life estate. The question, under such circumstances, is, whether the possession of Mrs. Simrall was adverse to the right of the legatee, Alexander Sim-yall.
We think it was not. She never claimed the fee in the slave. Upon her death, her administrator could not take, because she only claimed a life estate, and that had terminated. As she held during life, recognizing a right in remainder, although it was a mistake, the devisee who had acquiesced in her claim, should be allowed to' assert his right, without prejudice by lapse of time. As the limitation did not bar the right of the devisee, Alexander Simrall, during the life of Mrs. Simrall, the widow, holding as she did, it did not commence running after her death, until administration was taken on the goods and chattels of Alexander Simrall.
The instruction to find as in case of a nonsuit was erroneous. Wherefore, the judgment is reversed, with <?osts, and the cause remanded for a new trial.